IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. FOR THE USE AND BENEFIT OF J & J ENTERPRISES SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>EAGLE PEAK ROCK & PAVING, INC., et. al.,<br><br>Defendants. | 1:11-CV-0643 AWI DLB<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**<br><br>**ORDER VACATING SEPTEMBER 7, 2012 IS VACATED** |

On August 4, 2011, the court issued a scheduling order in this action. The August 4, 2011 Scheduling Order set the discovery deadline for June 1, 2012; the non-dispositive motion deadline for May 29, 2012; and the dispositive motion deadline for May 25, 2012. The August 4, 2011 Scheduling Order set the pretrial conference for September 7, 2012 at 8:30 a.m. and set trial for October 30, 2012 at 9:00 a.m.

The pretrial conference is currently set on this court's calendar for September 7, 2012. However, a review of the docket reveals that the parties have not filed pretrial statements. Local Rule 281(a) provides, in pertinent part:

> (a)  **Time for Filing**. As required by the pretrial (scheduling) order in the action, counsel shall file either separate pretrial statements or a joint pretrial statement as follows:
>     (1)  **Separate Statements.** Not less than fourteen (14) days before the date set by the Court for the holding of the final pretrial conference, counsel for the plaintiff shall serve and file a pretrial statement in the form prescribed herein. Not less than seven (7) days before the date set for the holding of the pretrial conference, counsel for all other parties shall serve on all parties and file pretrial statements that may adopt by reference any or all of the matters

>           set forth in the plaintiff's pretrial statement.
>           (2)     **Joint Statements.** Not less than seven (7) days before the date set by the Court for the holding of the final pretrial conference, or such other time as the Court may order, counsel for all parties shall file a joint pretrial statement in the form prescribed herein or in such other form as the Court may prescribe.
>           (3)     **Word Processed Copy.** Electronic filers shall also concurrently submit an electronic copy of their statement in Word or Word Perfect format following the procedures for proposed orders. See L.R. 137(b).
>     (b)     **Form, Contents.** The pretrial statement shall state the name of the party or parties on whose behalf it is presented and set forth the nature of the action and the following matters, under the following captions and in the following order:
>     . . . .

The pretrial conference in this action is less than two days away. However, the parties have neither filed separate pretrial statements nor a joint pretrial statement.

At this juncture the court cannot proceed with this action because the parties have failed to file their pretrial statement or otherwise contact the court. The court has no choice but to consider sanctions. A court may sanction or even dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

At this time, it appears that all the factors tip in favor of sanctions. However, the court's last order did not specifically warn that the failure to file any pretrial statement or other document in this action would result in sanctions. As such, the court will only order the parties to show cause why sanctions should not be imposed on all parties at this time.

**ORDER**

Accordingly, the court orders that:

1. The parties SHALL show cause in writing before 10:00 a.m. on September 12, 2012 why sanctions should not be imposed; and

2. The pretrial conference set for September 7, 2012 at 8:30 a.m. is VACATED.

IT IS SO ORDERED.

Dated:   September 5, 2012

CHIEF UNITED STATES DISTRICT JUDGE